IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 11, Subchapter V |
| DEVILS RIVER HOLDINGS, LLC | § § | No. 25-50959 |
| DEVILS RIVER DISTILLERY, LLC | § § | Case No. 25-50960 |
| *Debtors.* | § | (Jointly Administered) |

| | | |
|---|---|---|
| Devils River Holdings, LLC and Devils River Distillery, LLC | § § § | Adversary Proc. No. |
| *Plaintiffs,* | § § | |
| v. | § § | |
| LSD Lending, LLC, David Copeland, Leo Kelly, and Steve Beal | § § § | |
| *Defendants.* | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Now comes Devils River Holdings, LLC ( Holdings ) and Devils River Distillery, LLC (Distillery), jointly referred to as Plaintiffs of DRW, to file its Complaint against LSD, LLC ( LSD), David Copeland (Copeland), Leo Kelly ( Kelly), and Steve Beal ( Beal) jointly referred to as Defendants, objecting to the claim of LSD, seeking recovery for breach of fiduciary duties, subordination under 11 USC 510 (c), for usury violations and aiding and abetting breaches of fiduciary obligations and civil conspiracy, and would show unto the court the following:

1

## I. JURISDICTION / VENUE

1.1 The court has jurisdiction over this adversary complaint under 28 USC 1334 and 157. This core proceeding pursuant to 28 USC Sec. 157(b)(2)(D) and (M)), asserting objections to the LSD claim under 11 USC Sec. 502 and Bank R. Proc. 3007, for subordination under 11 USC Sec. 510 (c), stating usury violations under Tex. Fin. Code Sec. 301,001 et. seq., and requesting damages on all claims including those related to claims for breach of fiduciary obligations, and aiding and abetting.

## II. PARTIES

2.1. Devils River Holdings, LLC is a Texas Limited liability company with its primary offices located at 2700 N. Interstate 35, San Antonio, TX 78208.

2.2 Devils River Distillery, LLC is a Texas Limited lability company with its principal place of business located at: 2700 N. Interstate 35, San Antonio, TX 78208.

2.3 LSD Lending, LLC is a Texas Limited Liability company with its principal place of business located in Texas and which may be served through its registered agent Alan Castter 5510A Buffalo Pass, Austin, TX 78745.

2.4 David Copeland is an individual residing at 119 Tennyson Place Coppell, TX 75019 where he may be served.

2.5 Leo Kelly is an individual residing at 16130 Old York Rd. Monkton, MD 21111 where he may be served.

2.6 Steve Beal is an individual residing at 9400 Country Road 258 Early, TX 76802 where he may be served.

## III. PRELIMINARY STATEMENT

3.1. The Debtors are in the whiskey distillery business, maintaining a retail storefront outlet and distillery and warehouse facilities to store and age distilled products. Debtors have been in continuous business since 2018, manufacturing, selling, distributing small batch whiskey production and operating a retail facility for sales of alcohol products and renting space for parties and functions. Debtors are Texas limited liability companies with Holdings owning 100% interest in Distillery, which is considered a "disregarded entity" for tax purpose.

## IV. BACKGROUND FACTS

4.1 Following DRW's initial opening and startup operations Beal, Kelly and Copeland became investors of DRW and later named as members of the DRW board of directors with Beal and Copeland later elected as chairman of the DRW board of directors serving between 2020 and 2025. As board members and as Chairman, Defendants were materially involved in board decisions affecting the operations of DRW and its business plan, whereunder DRW's business focus under their direction was principally designed to increase whiskey case sales intended to attract potential buyers – and not focused on profitable operations. The business plan was to be funded by approximately $37 Million in investor capital, which satisfied operational deficiencies while potential buyers were sought. Consequently, DRW operations and deficits were essentially funded by investor capital to the extent of any operational deficiencies in the early years until 2023 when investor funds were exhausted.

4.2 The DRW operational deficiencies and use of investor capital reached a point in 2023 where investor funds were fully consumed, requiring additional cash injections. A banking committee was formed seeking loans and other sources of capital, but no funding sources could be located.

Prior thereto DRW pursued additional investor participation under Series C Stock offerings, soliciting to new investors. However not all available Series C Stocks were acquired and approximately 3,600,00 shares remained unissued. Notwithstanding these cash flow concerns, the Chairman and Board determined that the remaining Series C Stock would not be resolicited and instead sought alternative funding sources.

4.3 Beal, Copeland and Kelly developed a plan to provide new funding to DRW and to take a security interest in all assets, to change the DRW constituency, allowing them to assume almost complete control over DRW operations. Their design was to pursue an M&A transaction, while backstopping efforts with a first priority lien over DRW assets and manipulated control over the DRW board, thereby maximizing theirs and LSDs potential recovery through Defendants imposed loan conditions requiring the transfer of Series C Stock warrants for no consideration, resignation of certain board members, a conveyance of founders proxies, and rights to allow LSD to foreclose and acquire the assets of DRW, if the M&A target was not achieved. In pursuit of those objectives Kelly, Copeland and Beal formed LSD, a Texas Limited Liability Company whose sole members were comprised of Copeland, Beal and Kelly, to be the entity to advance funds to DRW pursuant to a Note Security Agreement and Term Sheet under which up to $3,600,000.00 in funding was to be made available to DRW, to be secured by liens on substantially all DRW assets.

4.4 On November 9, 2023, DRW agreed to the LSD loan of up to $3,600,000.00, following a DRW board meeting proceeded by Copeland's announcement, as chairman of the DRW board, instructing board members that he would close if the LSD loan was not approved. As a direct consequence the DRW board approved the LSD Note, Security Agreement and Term Sheet, without investors knowledge, consent, or opportunity to approve. Copies of the Note, Security Agreement, and Term Sheet which are attached as Ex. 1,2 and 3 hereto. The LSD loan is evidenced

by a Note dated November 9, 2023, accruing interest at the Wall Street prime rate of (8.5%) plus 5%, with payments having become due 220 days from the date of the promissory note. The LSD loan required a $180,000 origination fee and a transfer of 3,6000,00 Series C Stock Warrants in consideration for the extension of credit. The Note was amended and restated in March 2024. As of April 2025, DRW had drawn $3,108,700.00 out of the $3,600,000.00 in available funds, provided under the Note. The share warrants to LSD for no additional consideration constitutes 5.87% founders' membership interest in Holdings. LSD exercised those warrants and is currently holding 5.87% of Series C membership interests. Additional loan terms required the resignation of two board members and the conveyance of 100% of the Founders Devil Rivers Holdings direct and indirect ownership interests into an irrevocable proxy, to be granted to Copeland, Kelly and Beal.

4.5. In connection with the Note, LSD was granted a security interest in Debtor's assets, including accounts receivable, inventory, equipment, stock, materials, contract rights and other property of the Debtors. DRW understands that LSD asserts a first priority lien on most assets, subordinated to a landlord's lien on equipment, furniture and fixtures at the retail location. LSD filed a UCC-1 Financing Statement – UCC File No.

4.6 The LSD Terms Sheet specifically conditioned the LSD loan on the following requisites.

DocuSign Envelope ID: 5A1E6656-A7A5-4055-BF31-15933861D992

## SECURED FINANCING TERM SHEET

November 9, 2023

| | |
|---|---|
| Borrowers: | Devils River Holdings, LLC and Devils River Distillery, LLC (collectively, the "Company") |
| Lenders: | LSD Lending LLC |
| LOC Loan Amount: | $3,600,000, evidenced by the Promissory Note in the form attached hereto. |
| Use of Proceeds: | Working capital of the Company |
| Maturity Date: | T + 270 days |
| Interest Rate: | Wall Street Journal Prime Rate plus 5.00% |
| Origination Fee: | $180,000, payable at maturity |
| Interest Payment Date: | Quarterly |
| Collateral: | The Loan shall at all times be secured by all assets of the Company and its subsidiaries, including all equity interests in all Persons; FF&E; whiskey and product inventories, raw materials and finished goods in any state; intellectual property; stock, barrels, bottles, whiskey, product recipes, patents, trademarks, proprietary yeast strains and other materials; and accounts; such security evidenced by the Security Agreement in the form attached hereto. |
| Mandatory Prepayment: | The Loan shall be repaid in full at the option of the Lender if the Company has cash reserves equal to the note balance, plus $500,000.00 |
| Governance: | (A) Upon closing, the Founders shall irrevocably commit 100% of their DRH direct and indirect ownership interests to an irrevocable proxy having a term that expires on a liquidation of the Company and granted to David Copeland, Leo Kelly or Steve Beal that provides such interests shall be voted at all time consistent with the majority vote of Membership Interests owned by the Members of the Board; (B) Mike Beucler and Rick Leeper shall execute the attached letters and resign from the Board upon the Company's acceptance of this Term Sheet; and (C) Mike Cameron shall grant to David Copeland, Leo Kelly, or Steve Beal an irrevocable proxy for all Company matters to be voted upon by the Board. |
| Warrants: | Lender shall be issued 3,600,000 warrants exercisable for Series C Membership Interests equal to a 5.187% Membership Interest in the Company and to be satisfied without cost to the Lender upon |

6

4.7 Following execution of the LSD loan agreement, DRW and with Copland as the Board chairman pursued an M&A transaction with Whiskey River Brothers, LLC ("Whiskey Brothers") and entered a Letter of Intent dated April 15 2024, whereunder DRW was to participate in an equity purchase/sale to Whiskey Rivers, who was to acquire 100% of the issued and outstanding equity interests in DRW. In that regard DRW focus under Copeland, was directed at closing the Whiskey River transaction, incurring over $300,000 in costs and fees while DRW operations experienced continued deficits and lack of profitability. The Whiskey River transaction failed to close - leaving DRW with unpaid costs and fees and creditor obligations with continuing operational losses.

3.8 In late February 2025 Beal, Kelly and Copeland resigned for the DRW board and elected to pursue relief on behalf of LSD to exercise rights as secured creditor and pursue foreclosure remedies.

## V. CAUSE OF ACTION

5.1 DRW hereby asserts the following causes of action against LSD and/or Copeland, Beal and Kelly;

A. <u>Objection to the LSD Claim</u>: DRW adopts and incorporates all allegations set forth above within this adversary complaint. DRW objects to the LSD claim and security interests under 11 USC 502 and Bankr. R. Proc. 3007. The LSD claim is based on an insider transaction proposed by the DRW board chairman, finalized without investor approval, under duress and threats of terminating business operations. The LSD loan was funded for less than fair value requiring a $180,000 origination fee and issuance of 3.6 Million in Series C Stock Warrants for no consideration. The loan required board member resignations and assignment of proxy rights enabling LSD and / or Kelly, Copeland and Beal to assume control of DRW business operations. Copeland, Beal, and

7

Kelly took control over operations causing DRW continued operational deficiencies, while seeking closure on an M&A transaction, designed to pay in full all outstanding investor interests - including those acquired by LSD within the LSD loan transaction, while incurring additional unpaid claims from professionals and trader creditors.

B. Usuary: DRW adopts and incorporates all allegations set forth above within this adversary complaint. DRW asserts that the amount of interest LSD contracted for, charged, and received is in excess of the maximum rate of legal interest authorized under the Tex. Fin. Code 301.001 et. seq. The rate of interest specified under the Note, after the inclusion of charges for the origination fee as well as the value of the Series C Stock warrants, results in a charging of interest at a rate greater than twice the maximum amount authorized by law. Consequently, LSD forfeits all principal and all interest in connection with this transaction, DRW is entitled recovery of damages and for restitution of the 5.87% of Series C membership interests in Debtors.

C. Subordination: DRW adopts and incorporates all the allegations set forth above within this adversary complaint. 11USC 510 (c) authorizes the subordination of an allowed claim to all or part of another allowed claim or interest. DRW seeks subordination as a result of the misuse and manipulation of the fiduciary relations between DRW and Copeland, Beal, and/or Kelly, individually and in their capacity as board members of LSD board and for abuse of control executed by Copeland, Beal, and Kelly individually and as members of LSD. Subordinating is sought against LSD for its role in aiding and abetting the actions of Copeland, Beal, and /or Kelly of all actions set forth within this Complaint including:

- Misuse of position as chairman and members of the board of DRW;
- Assuming control over DRW through implementation of loan conditions.
- Maintaining DRW operations during periods of continuing diminution incurring addition

8

professional fees and trade creditor obligations and deepening insolvency;

- Duress within Loan process, forcing DRW to accept oppressive loan terms in exchange for funding under threats of business closure.

DRW requests that the LSD loan obligation be subordinated to all allowed claims and interests and its security interests in DRW assets terminated.

D. <u>Breach of Fiduciary Duties, Aiding and Abetting</u>: DRW adopts and incorporates all allegations set forth above within this adversary complaint. Copeland, Beal, and Kelly maintained a fiduciary relationship and duties to DRW as a result of their special positions as members of the DRW Board of Directors and while acting as Chairman of the Board and while serving in other capacities. The actions set forth above were in breach of those fiduciary duties and violated the special relationship and position of trust and authority granted to Copeland, Beal and Kelly, while serving in those capacities. Their actions were purposely designed for Copeland, Beal, and Kelly to assume control over DRW operations, to direct the business focus on consummating an M&A transaction, while operating DRW at a financial deficit and incurring new obligations, thereby deepening the insolvency of DRW and creating new and additional unpaid obligations while under their direction and control. The control over DRW operations allowed Defendants to cause DRW to pursue the M&A transaction, designed to benefit Copeland, Kelly, and Beal by providing opportunities for payment of the Series C Stock warrants that Copeland, Beal and Kelly, and LSD required to be issued to LSD, whereunder LSD facilitated and aided and abetted those breaches by and through the extension of credit and requiring payment of origination fees interest and issued stock warrants and which imposed payment obligations that Defendants knew DRW would be unable pay within the time provided placing LSD and Defendants in a position permitting foreclose, if the M&A transaction failed.

The action of the Defendants causes real and irreparable damage to DRW for breaches of those fiduciary obligations and duties by causing DRW to incur additional debt for which there was little or no resources to pay which Defendant steered DRW towards the M&A transaction. DRW seeks damages including real and consequential damage resulting in breaches of the Defendants fiduciary obligations and/or aiding and abetting those breaches.

### V. PRAYER / REQUEST FOR RELIEF

5.1. WHEREFORE, PREMISES CONSIDERED, DRW respectfully requests that upon due consideration, the Court grants relief on all claims and causes of action including: i). Denying the claim of LSD; ii). Subordinating the claim of LSD under 11 USC 510(c) to all claims and interests; iii). Determining the LSD loan to be usurious, cancelling the principal debt, awarding statutory damages; iv). Determining that the Defendants breached their fiduciary duties, awarding actual and consequential damages; v). Awarding DRW its costs and reasonable attorney fees and such other relief as may be allowed under law or in equity.

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
112 East Pecan Street, Suite 1616
San Antonio, Texas 78205
Telephone: (210) 220-1334
Facsimile: (210) 227-7924
E-Mail: mcolvard@mdtlaw.com

By: /s/ Michael G. Colvard
    Michael G. Colvard
    State Bar No. 04629200

**COUNSEL FOR DEBTORS**
**DEVILS RIVER HOLDINGS, LLC and**
**DEVIS RIVER DISTILLERY, LLC**